IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                   Case Nos.: 1:16cr23/MW/MAL
                                                             1:25cv204/MW/MAL

LEVI JERMAINE GRIFFIN

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant Levi Griffin's Amended Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. ECF No. 124. After a review of the record, the undersigned recommends that the motion be summarily dismissed because it is both untimely and without merit.

BACKGROUND and DISCUSSION

In 2018, a jury convicted Defendant, who already a convicted sex offender, of a single count of possession of child pornography involving a prepubescent minor in violation of 18 U.S.C. § 2252A(a)(5)(B) and 18 U.S.C. § 2252A(b)(2). ECF No. 74. The charges stemmed from a report to law enforcement from Griffin's then-girlfriend that she had discovered child pornography on Griffin's tablet computer. ECF No. 78, PSR at ¶¶ 9-10. On a monitored phone call, Griffin later called his girlfriend and asked her to destroy the tablet because he had "fucked up." *Id.*

After Griffin's conviction, the Court sentenced him to the statutorily required term of 120 months' imprisonment. ECF Nos. 80, 81, ECF No. 78, PSR ¶¶ 91, 92. Griffin's conviction was affirmed on appeal, and the Supreme Court denied certiorari on December 9, 2019. ECF Nos. 117, 120. Nothing further was filed until Griffin filed his § 2255 motion, over five years later, purporting to rely on newly discovered evidence. ECF No. 122.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Griffin's motion is facially untimely. Section 2255(f)(4) most closely aligns to Griffin's reference to "newly discovered evidence." However, there is nothing in Griffin's submissions that would support a finding that he is entitled to relief.

In his pre-ameded § 2255 motion, the only ground Griffin raised was "the evidence was insufficient to satisfy the Government's burden to prove the element of knowledge beyond a reasonable doubt." ECF No. 122 at 4. He claimed to rely on "newly discovered evidence," in the form of an unidentified 2024 court case, the facts of which, he claimed, could have explained the origin of the illegal images discovered on his computer. *Id.* at 5. Griffin maintained his motion was timely because the unidentified case was not decided until 2024, and it was not brought to his attention until March of 2025. *Id.* at 11. Because Griffin neither provided the citation to the case nor explained how the case could have proven his innocence, the Court required him to amend his motion. The amended motion is now before me.

In his explanation of his claim, Griffin claims:

1) The "evidence" was unknown to him at the time of his trial because the case he relies on was not decided until 2024;
2) The case is material because it shows exactly where the illegal images came from;
3) If this case was known at trial, the jury would have found him not guilty based on "no knowledge of the images;"
4) Counsel was not ineffective for not raising this issue earlier because the case was not decided until 2024, and Defendant only learned of it in March of 2025 from a paralegal.

ECF No. 124 at 5.

Griffin asserts that the websites Pornhub, RedTube, and Youporn, have a disclaimer that advises all users that every person in the images and videos are 18

years of age and older. *Id.* Therefore, he asserts that if he saved anything from these websites, he "reasonably assumed" that the person in the images or videos was 18 years old or older, thus "proving" his innocence. *Id.* He cites "2024 U.S. Dist. Lexis 41636" in support of his position. The opinion he cites is the district court's denial of a motion to transfer venue in *Doe v. MG Freesites, LTD*, No. 7:21-cv-00220-LSC, 2024 WL 1023853 (N.D. Ala. Mar. 9, 2024), a class action against websites that allegedly profited from people sharing and viewing child sexual abuse material. The cited opinion is irrelevant to Griffin's claim. Even the district court's later opinion in the same case denying cross motions for summary judgment does not support Griffin's position. *See Doe v. MG Freesites*, *LTD*, 2024 WL 5339485 (N.D. Ala. Dec. 19, 2024). Furthermore, it is nonsensical to believe that such an argument regarding the presence of a disclaimer on the websites would not have been available to counsel at the time of Griffin's trial. Neither *MG Freesites* opinion provides a basis for Griffin's claim for § 2255 relief.

Griffin next claims his innocence could be proven if he can show the files on his tablet were "inadvertently" saved from the three websites onto "unallocated

space" of his tablet, which could mean "there is no knowledge of the images on [his] part." ECF No. 124 at 6.[1]

Griffin cites two cases in support of his argument. The first is a Ninth Circuit case from 2011, *United States v. Flyer*, 633 F. 3d 911, 919-920 (9th Cir. 2011). In *Flyer*, the appellate court reversed the defendant's conviction for knowing possession of child pornography because there was no evidence that on or about the date charged in the indictment the defendant "could recover or view any of the charged images in unallocated space or that he even knew of their presence there." *Id.* at 920. Obviously, the argument raised in this 2011 case was available at the time of Griffin's trial in 2018.

The second case Griffin relies on for his "unallocated space" argument he identifies only as *Mother v. Franklin, et al.* (11th Cir. 2023). ECF No. 124 at 6. After some effort, the court has identified *CV1 Mother v. Franklin, et al.,* Case 2:22-cv-00605-ECM-KFP from the Middle District of Alabama. This case was dismissed with prejudice pursuant to a stipulation by the parties on October 28, 2024. Although the case involves defendants' dissemination of images and videos showing the

---

[1] To the extent the "inadvertent" download is the same argument he raised on appeal, it is procedurally barred. *Seabrooks v. United States*, 32 F. 4th 1375, 1383-84 (11th Cir. 2022).

sexual victimization of children, there do not appear to have been any substantive rulings or appeals that might support Griffin's position.

There is simply no basis for a finding that Griffin is entitled to § 2255 relief. A jury convicted him, and the Eleventh Circuit specifically rejected Griffin's contention that the evidence did not sufficiently prove he knowingly possessed the child pornography found on his tablet. ECF No. 117 at 10-11. His amended § 2255 motion, filed over four years after the Supreme Court denied certiorari in his case, is untimely and without merit.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The amended motion to vacate, set aside, or correct sentence (ECF No. 124) be summarily **DENIED and DISMISSED** as untimely and without merit.

2. A certificate of appealability be **DENIED**.

DONE on August 7, 2025.

>                   s/ *Midori A. Lowry*
>                   Midori A. Lowry
>                   United States Magistrate Judge

## **NOTICE TO THE PARTIES**

The case was referred to me for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.